UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| **NORMAN HARRIS,** <br>     **Plaintiff,** <br><br> v. <br><br> **CROTHALL HEALTHCARE, INC.,** <br>     **Defendant.** | **CIVIL ACTION NO. 5:23-280-KKC** <br><br><br> **OPINION & ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Crothall Healthcare, Inc.'s Motion to Dismiss, or, in the alternative, to Stay Judicial Proceedings and Compel Arbitration. (DE 4.) Plaintiff has not filed a response. For the following reasons, the Court will GRANT Defendant's Motion to Dismiss.

## I. BACKGROUND

Plaintiff, Norman Harris ("Harris"), works as a full-time housekeeper for Defendant Crothall Healthcare, Inc. ("Crothall") who provides services to the University of Kentucky hospitals. On December 28, 2021, as part of his on-boarding process, Harris and Crothall entered into an arbitration agreement. (DE 4-1.) This agreement contains the following provisions which mandate arbitration in any disputes or controversies arising out of the employment:

> I and Compass Group USA, Inc. and its subsidiaries, sectors, affiliates, and divisions (collectively, "Compass Entities") **mutually agree to utilize binding individual arbitration as the sole and exclusive means to resolve all legal claims between us, including without limitation those that may arise out of or be related to my employment, compensation, or termination of employment**. I and the Compass Entities waive our rights to bring a claim against the other in a court of law and in doing so, specifically waive our rights to a jury. **Except as provided below, any claim, dispute, and/or controversy that I may have against the Compass Entities (or their directors, officers, employees, or agents), or that**

**the Compass Entities may have against me, shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act** ("FAA"), except that if for any reason arbitration is unavailable under the FAA, then the law of the state in which I last worked for any of the Compass Parties shall govern this Agreement. The FAA applies to this Agreement because my employer's business involves interstate commerce.

(DE 4-2, p. 9) (emphasis added). Above Harris's electronic signature, the Agreement contains the following:

> I HAVE READ, UNDERSTAND, AND AGREE TO BE LEGALLY BOUND TO ALL OF THE ABOVE TERMS. I UNDERSTAND THAT THIS AGREEMENT REQUIRES ME TO ARBITRATE, AMONG OTHERS, ANY AND ALL DISPUTES THAT ARISE OUT OF MY EMPLOYMENT. DO NOT SIGN UNTIL YOU HAVE READ AND AGREED WITH THE ABOVE AGREEMENT.

(*Id.*) Harris filed this action against Defendant Crothall Healthcare, Inc. ("Crothall") alleging race-based employment discrimination claims under Title VII of the Civil Rights Act and the Kentucky Civil Rights Act. The case was initially filed in Fayette Circuit Court, but Crothall removed to this Court based on federal question jurisdiction. Crothall seeks an order dismissing the action or, in the alternative, staying judicial proceedings and compelling arbitration.

## II. STANDARD

The Federal Arbitration Act governs this dispute. Under the FAA, "[w]hen asked by a party to compel arbitration under a contract, a federal court must determine whether the parties have agreed to arbitrate the dispute at issue." *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002). Section 2 of the FAA governs the validity of arbitration agreements and provides that a written agreement to arbitrate disputes arising out of a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. When a party to an arbitration agreement refuses to arbitrate, the aggrieved party may file a motion with the Court to compel arbitration. 9

U.S.C. § 4. The Court then has four tasks: (1) determine whether the parties agreed to arbitrate; (2) determine the scope of that agreement; (3) if federal statutory claims are asserted, consider whether Congress intended those claims to be nonarbitrable; and (4) if it finds the claims to be subject to arbitration, determine whether to stay or dismiss the present action. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

When determining the validity of arbitration agreements, courts generally apply ordinary state-law principles that govern the formation of contracts. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). When ruling on a motion to compel arbitration, however, courts apply the same summary judgment standard they use under FCRP 56. *See Simons*, 288 F.3d at 889. ("The party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate, a showing that mirrors the summary judgment standard."). "If the district court is satisfied that the agreement to arbitrate is not in issue, it must compel arbitration. Conversely, if the court finds that the validity of the arbitration agreement is in issue, the matter must proceed to trial to resolve the question." *Gilkinson Farms, LLC v. Andersons, Inc.*, No. CV 5: 22-229-DCR, 2022 WL 17070518, at *3 (E.D. Ky. Nov. 17, 2022).

### III. ANALYSIS

First, the Court must determine whether the parties agreed to arbitrate. Crothall contends there was a valid and enforceable agreement to arbitrate. Harris has not provided an argument to the contrary. Harris signed the Agreement on December 28, 2021, prior to the commencement of his employment. He indicated that he read, understood, and agreed to be bound by its terms and conditions. The Agreement contains clearly stated terms that Harris and Crothall mutually agreed to binding arbitration of any controversy, claim, or dispute. Based on these facts, the Court finds that the parties agreed to arbitration.

Having determined that the parties agreed to arbitrate, the Court must determine the scope of the agreement. The Agreement provides that the parties will use arbitration as "the sole and exclusive means to resolve all legal claims. . . .including without limitation those that may arise out of. . . .employment, compensation, or termination of employment." (DE 4-2, p. 9.) Further, it stipulates that "any claim, dispute, and/or controversy" shall be determined exclusively by arbitration. (*Id.*) Harris's claims fall within the scope of the agreement, as Harris alleges illegal employment discrimination under Title VII and the Kentucky Civil Rights Act.

Next, since Harris has asserted a Title VII claim, the Court must determine whether Congress intended his claims to be non-arbitrable. The Sixth Circuit has held that Title VII claims are arbitrable. *See, Simpson v. Hitachi Auto. Sys. Americas, Inc.*, 2019 WL 254657, Civil Action No. 5:18-cv-00573-JMH (E.D. Ky. Jan 17, 2019). Accordingly, there are no federal claims at issue which Congress has determined to be non-arbitrable.

Finally, the Court must determine whether to stay or dismiss the action. If the Court determines the case is referrable to arbitration, it "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Despite this statutory language mandating a stay, courts in this circuit have, at times, elected to dismiss the action entirely when all underlying claims are subject to arbitration. *See Rosado-Cruz v. King-Kelly, Inc.*, No. CV 5:21-276-DCR, 2021 WL 5988535, at *2 (E.D. Ky. Dec. 17, 2021) (collecting cases). Because Harris's claims are all subject to arbitration, the Court finds that dismissal without prejudice, rather than a stay pending arbitration, is warranted. *Morgan v. United Healthcare Servs.*, 1:12cv676, 2013 WL 1828940, *3-*4 (S.D. Ohio 2013) (Weber, D.J.) ("Most district courts in this circuit agree that the best procedure for enforcing arbitration agreements is to dismiss the court action without prejudice").

Accordingly, the Court hereby **ORDERS** as follows:

1) Crothall's motion to dismiss (DE 4) is **GRANTED**;

2) Crothall's alternative motion to stay judicial proceedings and motion to compel arbitration (DE 4) are **DENIED AS MOOT**; and

3) All claims filed by Harris against Crothall are **DISMISSED WITHOUT PREJUDICE**.

This 10th day of April, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY